## S. G. BIGELOW v. SAMUEL HENNIGER.

1. NOTICE TO PARTNER; *Payment of Note.* Notice or information given to one of a partnership, in respect to a matter within its scope, is notice to all its members, and where payment of a note has been made by the payor thereof to one partner, who had authority to receive payment, another partner has no right to rely upon a statement subsequently made to him by the payor of the note, that it was still due, nor will the payor be precluded from denying such statement of the truth thereof.

2. INSTRUCTIONS *to be Based on Evidence.* Instructions given to the jury should be based upon the evidence in the case, and therefore it is not error for the court to refuse to instruct the jury regarding the law of estoppel, when there is no testimony before them on one of the essential elements of the estoppel, sought to be established in the case.

*Error from Miami District Court.*

ACTION by *Bigelow* against *Henniger,* to recover upon a coupon note for $81, with interest thereon from maturity. Trial at the May Term, 1883, and judgment for defendant. The plaintiff brings the case here. The material facts are stated in the opinion.

*Brayman & Sheldon,* for plaintiff in error.

*Jno. C. Sheridan,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action to recover upon a coupon note for the sum of $81, together with the interest thereon from maturity. It was first tried before a justice of the peace of Miami county, and appealed therefrom to the district court, where, at the May term, 1883, it was again tried with a jury, and a verdict and judgment given in favor of the defendant. The defendant had obtained a mortgage loan upon his farm, and the note in question was for an interest installment upon the mortgage bond which he had made. The execution of the mortgage bond and the coupon note was admitted by the defendant. The defense which he made was, that of payment. He claimed and testified that the payment had been made on or about October 1, 1879, to F. M. Shaw, who it is conceded had at that time, authority to receive it. It appears that the plaintiff, S. G. Bigelow, jr., and F. M. Shaw were partners in the banking and loan business in Paola, Kansas. The banking business was carried on by them under the firm-name of Bigelow & Shaw, and the business of negotiating loans on real estate was conducted under the name of F. M. Shaw & Co. The loan department of the business was under the special charge of Shaw, and the collection of interest upon the loans made was principally attended to by him. The partnership existed until about January 1, 1880, but the business of the firm was not settled up until the latter part of 1881. In addition to the testimony of the defendant regarding the payment, Mr. Shaw was produced as a witness, and testified that the defendant had paid the interest coupon to him about the first of October, 1879; that shortly after the payment was made, F. M. Shaw & Co., in accordance with their custom, remitted the money paid to the eastern parties who held the coupon note, and for whom they were acting. The bookkeeper of the firm of F. M. Shaw & Co. was produced as a witness in behalf of the plaintiff, and stated that no credit had been entered in the books for the money claimed to have been paid, but that Shaw had told him that the note had been settled and paid.

The plaintiff on his own behalf testified that he found the coupon in the bank safe in January, 1880, and that in May of that year he asked the defendant to make payment thereof, when he says the defendant admitted it had not been paid, and asked for further time in which to make payment; but that at a subsequent time, when he again called his attention to it, the defendant stated that it had been paid to Shaw while he was a member of the firm of F. M. Shaw & Co. He was then asked whether, in the settlement of the partnership business with Shaw, he had relied upon the statements of the defendant that the note had not been paid. This was objected to by the defendant, and excluded by the court. Of this ruling the plaintiff complains.

This testimony might without impropriety have been admitted, but we do not regard it to have been very material to the issue in the case. The sole question to be tried was, whether the defendant had paid the note to F. M. Shaw & Co., at or about the time it came due, which was October 1st, 1879. It was conceded that the partnership between Bigelow and Shaw existed then, and for some time thereafter, and that Shaw had authority to receive payment at the time it was claimed to have been made to him. The testimony respecting the admissions and representations claimed to have been made by the defendant, in May, 1880, and at later times, went to the jury without objection. The only purpose of the testimony excluded, was to create an estoppel against the defendant by reason of these admissions. If the note was paid to Shaw by the defendant, as claimed, neither Shaw nor the plaintiff would have any right in law to rely on a subsequent statement by the defendant, that it was still due and owing. Shaw certainly could not have been misled by such a statement, because he would have known that it was untrue, and the knowledge which he possessed in respect to such payment was alike chargeable to his partner, the plaintiff. Notice or knowledge given to one partner in respect to a matter within the scope of their partnership business is notice to all the members of the firm, and therefore if the defendant actually paid the note, as

testified to by Shaw and himself, and if it were granted that he had made admissions of non-payment as plaintiff states, still it would not give rise to an estoppel, nor preclude the defendant from thereafter denying the truth of such admissions. On the other hand, if the note was not paid as defendant claims, the plaintiff would then be entitled to recover, regardless of whether or not he may have relied upon the admissions of the defendant. On that theory of the case, the reliance which he may have placed upon the defendant's statements, or the notions he may have formed by reason of them, were immaterial and incompetent.

At the close of the testimony the plaintiff asked the court to instruct the jury as follows:

"If the jury believe from the evidence that Mr. Henniger, the defendant, represented and stated to the plaintiff that the coupon note sued on was not paid, and that Mr. Bigelow, the plaintiff, settled with F. M. Shaw, his former partner, relying upon said statement and representations as being true, then the said defendant Samuel Henniger is estopped from denying that said statements are true."

This was refused, and an exception taken. Instructions should be based upon the evidence. As there was no testimony before the jury that the plaintiff had relied upon the truth of the representations made by the defendant respecting the non-payment of the note, there was no error in refusing to give the instruction. It may be remarked that it was also objectionable because of indefiniteness, in that it failed to state the time when the representations were made. A statement by the defendant, such as is referred to in the instruction, made prior to the maturity of the note and before the defendant claimed to have paid it, could not operate as an estoppel, and yet it comes within the terms of the instruction as framed and asked; so that in any view that might be taken of the case, the instruction was properly refused.

Complaint is also made that the court refused to require the jury to give positive answers to two questions that had been submitted, and which the jury stated they were unable

to answer.  But in the view we have taken of the case, the questions related to facts that were immaterial, and even though there was testimony upon which the jury could have given positive answers, still the refusal of the court to compel answers to such questions cannot be held erroneous.

We find no error in the record, and therefore the judgment of the court below must be affirmed.

All the Justices concurring.